UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-00211 |
| | § | |
| RAPID FREIGHT HAULER LLC., and ALEJANDRO LUGO, JR. | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Knight Specialty Insurance Company ("Knight") and files its original petition for declaratory judgment against Defendants Rapid Freight Hauler LLC ("Rapid") and Alejandro Lugo, Jr, ("Lugo") pursuant to 28 U.S.C. § 2201, *et seq.*, and Federal Rule of Civil Procedure 57, and would show the following:

A.    <u>The Parties</u>

1.    Knight is a domestic insurance company organized and existing under the laws of the State of California, with its corporate office and principal place of business located at 4751 Wilshire Blvd, Suite 111, Los Angeles, CA 90010.

2.    Rapid is a Texas corporation organized and existing under the laws of the state of Texas, with its principal office in Ector County, Texas and may be served by and through its registered agent, Jasmin Anahi Aguilar, at 1526 Thistle Road, Odessa, Texas 79763.

3.    Lugo is a resident of Hunt County, Texas and may be served at 345 Kays Place, Lone Oak, Texas 75458 or wherever he may be found.

**PLAINTIFF'S ORIGINAL PETITION**                                           Page 1

B.      Venue and Jurisdiction

4.      Venue for this matter is proper in the Midland-Odessa Division of the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(1) in that Rapid is a Texas corporation with its principal place of business in Ector County, Texas.  The Court has jurisdiction over the individuals named in, and subject matter of, this case, as complete diversity exists between Knight, Lugo, and Rapid, and the amount in controversy exceeds $75,000.00.

C.      Nature of This Action

5.      Knight initiates this declaratory judgment action regarding its potential obligations under Texas commercial automobile liability policy KSCW1940508-00 issued to Rapid, effective from August 23, 2021, to August 23, 2022 (the "Policy").  More specifically, Knight seeks a declaration that it has no duty to defend or indemnify Rapid or Lugo under the Policy as it pertains to (1) a motor vehicle accident that occurred on County Road 300 in Loving County, Texas on or about January 30, 2022 (the "Accident"), and (2) a lawsuit brought by Crystal Aleman, for the Estate of Jason Aleman ("Aleman"), and for her three minor children H.R.A., J.A.A., Jr., and J.A.A. against Rapid, Ellias Jordan ("Jordan"), WTX Rapid Transport, LLC ("WTX"), and WTX Rapid Industrial Service, LLC ("WTX Rapid") as cause number 22-03-1060, styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, and pending in the 143rd Judicial District of Loving County, Texas (the "Underlying Lawsuit").

D.      The Accident

6.      At the time of the accident, Lugo was allegedly operating a an 18-wheeler tractor-trailer combination, with the tractor bearing VIN 2HSCNAPRX5C008123 (the "Tractor").  Lugo was purportedly hauling materials for OMMA Trucking, Inc ("OMMA") and using a trailer owned

by OMMA.  While the Tractor was allegedly owned by Rapid, Jordan, WTX, and WTX Rapid.

According to the Underlying Lawsuit, Lugo drove the Tractor across a double yellow line and into

oncoming traffic.  Allegedly sideswiping another tractor-trailer before colliding with the vehicle

driven by Aleman, resulting in the death of Aleman.

E.      The Underlying Lawsuit

      7.      Crystal Aleman, *et al.*, filed the Underlying Lawsuit on or about July 7, 2023.  The

pertinent factual allegations made in the Underlying Lawsuit are as follows:

### V. FACTS

> It has become necessary to bring this suit because of an 18-wheeler crash that killed Jason Aleman-Plaintiffs' husband and father of three minor children. On January 30, 2022, Mr. Aleman was driving northbound on County Road 300 in Loving County, Texas. Defendant Alejandro Lugo, Jr., while under the influence of methamphetamine, was driving an 18-wheeler tractor-trailer combination the opposite direction on the same stretch of road. Lugo drove the tractor-trailer across a double yellow line into oncoming traffic at speed. He side-swiped another 18-wheeler and then hit Mr. Aleman's vehicle head-on. Mr. Aleman sustained serious and catastrophic injuries in the crash which proved to be fatal. At the time of the crash, Defendant Lugo was hauling materials for Defendant OMMA Trucking, Inc, using a trailer owned by and entrusted to him by Defendant OMMA Trucking, Inc. The tractor operated by Defendant Lugo was owned by and entrusted to him by Co-Defendants RAPID FREIGHT HAULER, LLC, ELIAS JORDAN, WTX RAPID TRANSPORT LLC, and WTX RAPID INDUSTRIAL SERVICE, LLC.

      8.      The Underlying Lawsuit asserts causes of action of negligence against Lugo, gross

negligence against all defendants, negligent entrustment against OMMA, asserts that Rapid,

Jordan, WTX, and WTX Rapid are vicariously liable for Lugo's negligence under the doctrine of

*respondeat superior*, based on his being in the course and scope of his employment as a truck

driver for them at the time of the Accident, and that Rapid, Jordan, WTX, and WTX Rapid

negligently entrusted the tractor to Lugo. The pertinent provisions of the lawsuits are as follows:

**PLAINTIFF'S ORIGINAL PETITION**                                                      Page 3

### VI. NEGLIGENCE – ALEJANDRO LUGO, JR.

At the time of the occasion in question and immediately prior thereto, Defendant Alejandro Lugo, Jr. was guilty of negligence in the operation of the tractor-trailer, which negligence was a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiffs.

### IX. RESPONDEAT SUPERIOR

At the time of the occasion in question and immediately prior thereto, Defendant Alejandro Lugo, Jr. was working in the course and scope of his employment with Defendants RAPID FREIGHT HAULER, LLC, ELIAS JORDAN, WTX RAPID TRANSPORT LLC, and WTX RAPID INDUSTRIAL SERVICE LLC. As such Plaintiffs hereby invoke the doctrine of Respondeat Superior.

### X. NEGLIGENCE – RAPID FREIGHT HAULER, LLC, ELIAS JORDAN, WTX RAPID TRANSPORT LLC, and WTX RAPID INDUSTRIAL SERVICE LLC

At the time of the occasion in question and immediately prior thereto, RAPID FREIGHT HAULER, LLC, ELIAS JORDAN, WTX RAPID TRANSPORT LLC, and WTX RAPID INDUSTRIAL SERVICE LLC were guilty of negligence in the hiring, training, retaining, managing, and supervising, of Defendant Alejandro Lugo, Jr, which negligence was a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiffs.

### XI. NEGLIGENT ENTRUSTMENT – RAPID FREIGHT HAULER, LLC, ELIAS JORDAN, WTX RAPID TRANSPORT LLC, and WTX RAPID INDUSTRIAL SERVICE LLC

At the time of the occasion in question and immediately prior thereto, RAPID FREIGHT HAULER, LLC, ELIAS JORDAN, WTX RAPID TRANSPORT LLC, and WTX RAPID INUSTRIAL SERVICE LLC were guilty of negligent entrustment, including the following, which negligence was a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiffs: In providing an 18-wheeler tractor-trailer to Defendant Alejandro Lugo, Jr to use the public roadway when Defendants knew or should have known that Defendant Lugo was a reckless or incompetent driver.

### XII. GROSS NEGLIGENCE

At the time of the occasion in question and immediately prior thereto, Defendants were guilty of gross negligence, which negligence was a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiffs.

F.    <u>The Policy</u>

9.    The Policy affords an insured person certain liability coverage for bodily injuries or property damage caused by an accident resulting from the ownership, maintenance, or use of a covered auto.  The Policy also contains an MCS 90 endorsement.  The Tractor involved in the accident is not a listed or scheduled vehicle under the Policy.  The pertinent portions of the Policy's liability insuring agreement, schedules, and definitions are as follows:

**ITEM TWO**
**Schedule of Coverages and Covered Autos**
This Policy provides only those coverages where a charge is shown in the premium column below.  Each of these coverages will apply only to those "autos" shown as covered "autos".  **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Motor Carrier Coverage Form next to the name of the coverage.**

| Coverages | Covered Autos | Limit Or Deductible | Premium |
|---|---|---|---|
| Covered Autos Liability | 67 | Limit: $1,000,000 CSL<br>Deductible: 0 | $83,750.00 |
| Personal Injury Protection (Or Equivalent No-fault Coverage) | NOT COVERED | NOT COVERED | NOT COVERED |
| Added Personal Injury Protection (Or Equivalent Added No-fault Coverage) | NOT COVERED | NOT COVERED | NOT COVERED |
| Property Damage | NOT COVERED | NOT COVERED | NOT COVERED |
| Auto Medical Payments | 67 | $5,000.00 | $500.00 |
| Medical Expense And Income Loss Benefits (Virginia Only) | NOT COVERED | NOT COVERED | NOT COVERED |
| Uninsured Motorists | NOT COVERED | NOT COVERED | NOT COVERED |
| Underinsured Motorists (When Not Included In Uninsured Motorists Coverage) | NOT COVERED | NOT COVERED | NOT COVERED |
| Trailer Interchange Comprehensive Coverage | NOT COVERED | NOT COVERED | NOT COVERED |
| Trailer Interchange Specified Causes Of Loss Coverage | NOT COVERED | NOT COVERED | NOT COVERED |
| Trailer Interchange Collision Coverage | NOT COVERED | NOT COVERED | NOT COVERED |
| Physical Damage Comprehensive Coverage | NOT COVERED | NOT COVERED | NOT COVERED |
| Physical Damage Specified Causes Of Loss Coverage | NOT COVERED | NOT COVERED | NOT COVERED |
| Physical Damage Collision Coverage | NOT COVERED | NOT COVERED | NOT COVERED |
| Physical Damage Towing And Labor | NOT COVERED | NOT COVERED | NOT COVERED |
| Premium For Endorsements | | | $83,750.00 |
| Estimated Total Premium* | | | $83,750.00 |

*              *              *

**ITEM THREE**
**Schedule of Covered Autos You Own**

**PLAINTIFF'S ORIGINAL PETITION**                                            Page 5

| Covered Auto Description | | | | |
|---|---|---|---|---|
| **Year:** | 2011 | **Model:** | Cascadia | **Trade Name:** | FREIGHTLINER |
| **Body Type:** | Tractor/Trailer | | | **Serial Number(s):** | |
| **Vehicle Identification Number (VIN):** | 1FUJGLDR4BLAY1883 | | | | |

| Covered Auto Description | | | | |
|---|---|---|---|---|
| **Year:** | 2012 | **Model:** | LF687 | **Trade Name:** | INTERNATIONAL |
| **Body Type:** | Tractor/Trailer | | | **Serial Number(s):** | |
| **Vehicle Identification Number (VIN):** | 3HSDJSJRXCN651856 | | | | |

| Covered Auto Description | | | | |
|---|---|---|---|---|
| **Year:** | 2013 | **Model:** | LF687 | **Trade Name:** | INTERNATIONAL |
| **Body Type:** | Tractor/Trailer | | | **Serial Number(s):** | |
| **Vehicle Identification Number (VIN):** | 3HSDJSJR4DN309109 | | | | |

| Covered Auto Description | | | | |
|---|---|---|---|---|
| **Year:** | 2014 | **Model:** | LF687 | **Trade Name:** | INTERNATIONAL |
| **Body Type:** | Tractor/Trailer | | | **Serial Number(s):** | |
| **Vehicle Identification Number (VIN):** | 3HSDJSJR0EN036753 | | | | |

| Covered Auto Description | | | | |
|---|---|---|---|---|
| **Year:** | 2015 | **Model:** | LF687 | **Trade Name:** | INTERNATIONAL |
| **Body Type:** | Tractor/Trailer | | | **Serial Number(s):** | |
| **Vehicle Identification Number (VIN):** | 3HSDJSNR0FN059235 | | | | |

\*            \*            \*

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered

**PLAINTIFF'S ORIGINAL PETITION**                                        Page 6

"autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|----|-------|-------|

\*            \*            \*

### B. Owned Autos You Acquire After The Policy Begins

    **1.** If Symbols **61, 62, 63, 64, 65, 66** or **79** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

    **2.** But, if Symbol **67** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

        **a.** We already cover all "autos" that you own for that coverage, or it replaces an "auto" you previously owned that had that coverage; and

        **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

### C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

    **1.** "trailers" with a registered Gross Vehicle Weight Rating of 3,000 pounds or less designed primarily for travel on public roads.

    **2.** "Mobile equipment" while being carried or towed by a covered "auto".

    **3.** Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

        **a.** Breakdown;

        **b.** Repair;

        **c.** Servicing;

        **d.** "Loss"; or

       **e.** Destruction.

*        *        *

## SECTION II – COVERED AUTOS LIABILITY COVERAGE
   **A. Coverage**

      We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

*        *        *

   **1. Who is an Insured**

      The following are "insureds":

      **a.** You for any covered "auto".

      **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except[.]

*        *        *

## SECTION VI – DEFINITIONS
   **A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

   **B.** "Auto" means:

      **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

      **2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

   **C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

*        *        *

   **G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the application coverage. Except with respect to the Limit of Insurance, the

coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

*               *               *

**O.** "Property damage" means damage to or loss of use of tangible property.

G.   <u>Grounds Precluding Coverage and for the Declaratory Relief Sought</u>

12.    By the instant action, Knight contends liability coverage under the Policy does not apply to the Accident or the Underlying Lawsuit – *i.e.*, Knight has no duty to defend or indemnify Rapid – because the Tractor is not a specifically described auto scheduled or listed on the Policy. The Policy narrowly provides coverage to specifically described autos scheduled or listed on the Policy.  There is no evidence supporting an assertion that the Tractor qualifies as either a temporary substitute auto or a newly acquired auto.  Moreover, Lugo was not on an interstate trip at the time of the accident, so the MCS 90 endorsement is not implicated.  Furthermore, Lugo is not an employee of Rapid.  Therefore, no liability coverage for an accident involving the Tractor is provided under the Policy.  As such, this precludes a duty to defend or indemnify Lugo or Rapid on the part of Knight as it pertains to the Accident or the Underlying Lawsuit.

13.    As such, there is an unresolved controversy between the parties as to whether the Policy applies to provide liability coverage (*i.e.*, a duty to defend or indemnify) to Rapid or Lugo as to the Accident or the Underlying Lawsuit.  Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Knight seeks a declaration from this Court that it has no duty to defend or indemnify Rapid or Lugo under the Policy in connection with the Accident or the Underlying Lawsuit.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Knight Specialty Insurance Company prays that Defendant Rapid Freight Hauler LLC and Alejandro Lugo, Jr. be served with

**PLAINTIFF'S ORIGINAL PETITION**                                         Page 9

Citation to appear and answer herein, and that upon final trial hereof, judgment will be rendered

declaring that:

a. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to defend Defendant Rapid Freight Hauler LLC in, as to, from, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas;

b. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to defend Defendant Alejandro Lugo, Jr. in, as to, from, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas;

c. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to indemnify Defendant Rapid Freight Hauler LLC in, as to, from, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas;

d. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to indemnify Defendant Alejandro Lugo, Jr. in, as to, from, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas;

e. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to pay any sum to anyone in, as to, as a result of, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas;

f. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to

August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to defend or indemnify any party or person as to the motor vehicle accident made the subject of the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas;

g. Knight Specialty Insurance Company have such other and further relief to which it is entitled or will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

 */s/ Gregory R. Ave*
**GREGORY R. AVE**
State Bar Number 01448900
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
Facsimile Number (214) 347-8311
Telephone Number (214) 347-8310
AveEdocsNotifications@wbclawfirm.com

**PLAINTIFF'S ORIGINAL PETITION**                                  Page 11