IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **MO:23-CV-211-DC-RCG** |
| | § | |
| RAPID FREIGHT HAULER, LLC, and | § | |
| ALEJANDRO LUGO, JR., | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Knight Specialty Insurance Company's ("Plaintiff") Motion for Default Judgment. (Doc. 15). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 15).

## I.    BACKGROUND

On December 28, 2023, Plaintiff filed its Original Complaint against Rapid Freight Hauler, LLC, and Alejandro Lugo, Jr. (Doc. 1). By its Complaint, Plaintiff sought a declaratory judgment as follows: (1) "Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to defend Defendant Rapid Freight Hauler LLC in, as to, from, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas"; (2) "Plaintiff Knight Specialty

Insurance Company policy number KSCW1940508- 00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to defend Defendant Alejandro Lugo, Jr. in, as to, from, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas"; (3) "Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to indemnify Defendant Rapid Freight Hauler LLC in, as to, from, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas"; (4) "Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to indemnify Defendant Alejandro Lugo, Jr. in, as to, from, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas"; (5) "Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to pay any sum to anyone in, as to, as a result of, or regarding the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas"; (6) "Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021, to August 23, 2022, does not obligate Plaintiff Knight

Specialty Insurance Company to defend or indemnify any party or person as to the motor vehicle accident made the subject of the lawsuit styled *Crystal Aleman, et al., v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas." (Doc. 1 at 10–11).

Summons was issued as to all Defendants on January 2, 2024. (Doc. 4). Plaintiff sought substitute service on Rapid Freight Hauler, LLC, which was granted. (Docs. 5, 9). Plaintiff filed proof of service as to Alejandro Lugo, Jr. on February 2, 2024 and as to Rapid Freight Hauler, LLC on February 16, 2024. (Docs. 8, 10). Alejandro Lugo's answer was due February 16, 2024. (Doc. 8). Rapid Freight Hauler, LLC's answer was due March 6, 2024. (Doc. 10). Neither Defendant filed an answer to Plaintiff's Complaint.

To date, both Defendants have failed to answer Plaintiff's Complaint or otherwise make an appearance in this lawsuit. On February 21, 2023, a Clerk's Entry of Default was entered against Alejandro Lugo, Jr. in this case. (Docs. 11, 12). Then on March 18, 2024, a Clerk's Entry of Default was entered against Rapid Freight Hauler, LLC. (Docs. 13, 14).

On March 21, 2024, Plaintiff filed its Motion for Default Judgment. (Doc. 15). A hearing was held on the instant Motion for Default Judgment on April 24, 2024 at 1:30 p.m. (Doc. 17). By its Motion and its representations at the default judgment hearing, Plaintiff does not seek monetary damages, nor attorney's fees from Defendants, but rather seeks a "a declaratory judgment from this Court that Knight has no duty to defend or indemnify Defendants as to the Underlying Action under the Policy." (Doc. 15 at 3).[1] Accordingly, this matter is now ready for disposition.

---

1. The "Underlying Action" is the case referred to in Plaintiff's pleading as the personal injury lawsuit bearing cause number 22-03-1060, styled *Crystal Aleman, Individually, for the Estate of Jason Aleman, and for Minor Children H.R.A., J.A.A., Jr, and J.A.A., v. Rapid Freight Hauler, LLC, et al.*, pending in the 143rd District Court of Loving County, Texas. (Doc. 15 at 2).

## II.    LEGAL STANDARD

After entry of default and upon a motion by the plaintiff, Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend the suit. FED. R. CIV. P. 55(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, the Court considers whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Second, the court assesses the substantive merits of the plaintiff's claims, determining whether the plaintiff set forth sufficient facts to establish his entitlement to relief. *See 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

4

Third, the court determines what form of relief, if any, the plaintiff should receive in the case. *Id.*; *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Generally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III.    DISCUSSION

Applying the three-part analysis detailed above, the Court finds Plaintiff is entitled to a default judgment against Defendants.

*a. Default Judgment is Procedurally Warranted*

In light of the six *Lindsey* factors enumerated above, the Court finds that default judgment is procedurally warranted. First, Defendants have not filed any responsive pleadings or otherwise appeared in this case. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendants' total failure to respond has brought the adversarial process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since over the course of this case, Defendants have not responded to the summons, the complaint, the clerk's entry of default, or Plaintiff's Motion for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

Fourth, there is no evidence before the Court indicating that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendants has had over three months to respond to Plaintiff's claims or otherwise appear in this matter. Consequently, any purported harshness of a default judgment is mitigated by Defendants' inaction for this lengthy time period. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at \*3 (W.D. Tex. May 25, 2018). Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendants. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds that default judgment is procedurally warranted under these circumstances.

*b. Default Judgment is Substantively Warranted*

### 1. Whether Plaintiff States a Viable Claim for Declaratory Judgment

Having determined that default judgment is procedurally warranted, the Court now considers whether Plaintiff's pleadings establish a viable claim for declaratory relief. The case arises from an insurance coverage dispute. Plaintiff seeks a declaration that the Policy does not provide coverage for the Underlying Action and that it does not owe a duty to defend or indemnify Defendants with respect to the Underlying Action.

Under Texas law, the burden to establish coverage under an insurance policy rests with the insured, while the burden to establish the applicability of the exclusions under an insurance policy lies with the insurer. *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998) (citing *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex.App.—San Antonio 1994, pet. denied)).

In its Complaint, Plaintiff pleads that the Policy provides no coverage for the claims asserted in the Underlying Action because "the Tractor is not a specifically described auto

scheduled or listed on the Policy. The Policy narrowly provides coverage to specifically described autos scheduled or listed on the Policy. There is no evidence supporting an assertion that the Tractor qualifies as either a temporary substitute auto or a newly acquired auto." (Doc. 1 at 9). Plaintiff also alleges "Lugo was not on an interstate trip at the time of the accident, so the MCS 90 endorsement is not implicated." *Id*. Further, "Lugo is not an employee of Rapid. Therefore, no liability coverage for an accident involving the Tractor is provided under the Policy. As such, this precludes a duty to defend or indemnify Lugo or Rapid on the part of Knight as it pertains to the Accident or the Underlying Lawsuit." *Id*.

Because it is the insured's burden to establish policy coverage, and the insured has not carried its burden, the Court finds that the Policy does not provide coverage for the Underlying Action. Accordingly, the Court finds Plaintiff's pleadings contain a sufficient basis for judgment in its favor.

### 2. Whether Declaratory Relief is Appropriate

"When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The three steps are determining (1) "whether an 'actual controversy' exists between the parties to the action"; (2) "whether [the Court] has the 'authority' to grant declaratory relief in the case presented"; and (3) "how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id*. (citations omitted).

The Court must first determine if an "actual controversy" exists. "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality' [exists] between parties having adverse legal interests." *Fid. & Guar. Life Ins. Co. v. Unknown Trustee of Revocable Trust-8407*, No. 13–CV–412–PRM, 2014 WL 2091257, at *3 (W.D. Tex.

May 16, 2014) (quoting *Orix Credit All.*, 212 F.3d at 896). Here, Defendants Rapid Freight Hauler, LLC and Alejandro Lugo, Jr. are also defendants in the Underlying Action. Because the Underlying Action is currently ongoing, whether Plaintiff is legally obligated to defend and/or indemnify Defendants or any other entities/individuals in the Underlying Action is in question. Thus, an "actual controversy" exists.

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Fid. & Guar. Life Ins.*, 2014 WL 2091257, at *4 (quoting *Sherwin–Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citations omitted)).

Here, nothing before the Court establishes the existence of a similar, parallel state court action relating to this cause. With no evidence of a similar pending state court action, the Court has the authority to grant declaratory relief pursuant to the guidelines set forth in *Orix Credit Alliance.*

Third and finally, the Court must determine whether to exercise or decline jurisdiction. The Fifth Circuit has stated that, when determining whether to exercise or decline jurisdiction over a declaratory judgment action, a district court should consider several important factors, particularly: (1) "whether a state action is pending in which all of the matters in controversy may be fully litigated"; (2) "whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant"; (3) "whether the plaintiff engaged in forum shopping in bringing the suit"; (4) "whether possible inequities exist by allowing the declaratory plaintiff to gain

precedence in time or to change forums"; (5) "whether the federal court is convenient for the parties and witnesses"; (6) "whether retaining the case in federal court will serve judicial economy"; and (7) "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Id.* (citing *Sherwin–Williams*, 343 F.3d at 388).

After reviewing the record, the Court holds these factors balance in favor of granting Plaintiff's requested declaratory judgment. As noted above, there is no evidence of a similar, parallel, state court action pending that is related to the instant case. There is no evidence that Plaintiff filed the action in anticipation of a suit, and there is no evidence that Plaintiff has engaged in forum shopping in bringing suit. Furthermore, fairness weighs in favor of granting default judgment, and a declaratory judgment resolving the question before the Court today would further judicial efficiency. A declaratory judgment in this case will settle the question of whether Plaintiff is legally obligated to defend and/or indemnify Defendants in the Underlying Action. This will not only foreclose a future suit from Defendants seeking to enforce the Policy, but it may also resolve matters related to the Underlying Action.

Because Defendants Rapid Freight Hauler, LLC and Alejandro Lugo, Jr. have admitted all well-pleaded factual allegations in Plaintiff's Complaint as true, the Court concludes that the Policy does not provide coverage for the Underlying Action and that Plaintiff does not owe a duty to defend or indemnify in connection with or arising from the Underlying Action.

## IV.    CONCLUSION AND RECOMMENDATION

For the aforementioned reasons, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 15).

It is **FURTHER RECOMMENDED** that a final judgment be entered against Defendants Rapid Freight Hauler, LLC and Alejandro Lugo, Jr. as follows:

a. Knight has no duty or obligation to defend Rapid in, as to, from, or regarding the lawsuit bearing cause number 22-03-1060, styled *Crystal Aleman, et al. v. Rapid Freight Hauler, LLC, et al.*, and pending in the 143rd Judicial District of Loving County, Texas;

b. Knight has no duty or obligation to defend Lugo in, as to, from, or regarding the lawsuit bearing cause number 22-03-1060, styled *Crystal Aleman, et al. v. Rapid Freight Hauler, LLC, et al.*, and pending in the 143rd Judicial District of Loving County, Texas;

c. Knight has no duty or obligation to indemnify Rapid in, as to, from, or regarding (including any judgment entered in) the lawsuit bearing cause number 22-03-1060, styled *Crystal Aleman, et al. v. Rapid Freight Hauler, LLC, et al.*, and pending in the 143rd Judicial District of Loving County, Texas;

d. Knight has no duty or obligation to indemnify Lugo in, as to, from, or regarding (including any judgment entered in) the lawsuit bearing cause number 22-03-1060, styled *Crystal Aleman, et al. v. Rapid Freight Hauler, LLC, et al.*, bearing cause number 22-03-1060 and pending in the 143rd Judicial District of Loving County, Texas;

e. Knight is not obligated to pay any sum to anyone in, as to, as a result of, or regarding the lawsuit bearing cause number 22-03-1060, styled *Crystal Aleman, et al. v. Rapid Freight Hauler, LLC, et al.*, and pending in the 143rd Judicial District of Loving County, Texas under policy number KSCW1940508-00 issued to Rapid, effective from August 23, 2021, to August 23, 2022;

f. Knight is not obligate to defend, indemnify, or pay any sum to anyone as a result of or regarding motor vehicle made the basis of the lawsuit bearing cause number 22-03-1060,

styled *Crystal Aleman, et al. v. Rapid Freight Hauler, LLC, et al.*, and pending in the

143rd Judicial District of Loving County, Texas under policy number KSCW1940508-00

issued to Rapid effective from August 23, 2021, to August 23, 2022; and

g.  This judgment disposes of all issues between the parties and it is final and appealable.

SIGNED this 30th day of April, 2024.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).